THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT

REFERENCE: _C I V  L R  7.1 (A)(1)_
              (Rule Number/Section)

FILED _____ LODGED
_____ RECEIVED _____ COPY

NOV 2 1 2007

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

CIV '07 2268 PHX JAT

|  |  |
|---|---|
| **NASSER BASHIRI and** | |
| **NANCY BASHIRI,** | ) |
| **Plaintiff,** | ) |
|  | ) CASE NO._____ |
| **vs.** | ) |
|  | ) |
|  | ) **JURY TRIAL DEMANDED** |
| **VINCENT SADLER, individually,** | ) |
| **RICHARD T. REIBMAN, individually, and** | ) |
| **SCHWARTZ COOPER CHARTERED,** | ) |
| **Defendants.** | ) |

## COMPLAINT

NOW COMES Nasser Bashiri and Nancy Bashiri, plaintiffs, who file this their Complaint against the defendants Vincent Sadler, individually, Richard T. Reibman, individually, and his law firm of Schwartz Cooper Chartered.

### INTRODUCTION

1. Prior to the filing of this lawsuit, Nasser Bashiri and Vincent Sadler had been involved in the purchase of real estate investment properties both in the State of Arizona and in other states. The defendant Vincent Sadler hired the defendants Richard T. Reibman and his law firm of Schwartz Cooper Chartered to file a lawsuit against the plaintiff in Chicago. Defendant's counsel then recorded various *lis pendens* notices in Arizona and in other states against real property owned by the plaintiffs when counsel knew, or should have known, that such filing was in reckless disregard of the fact that the defendant Vincent Sadler had no reasonable or colorable grounds for asserting any claim of right, title, or interest in the plaintiffs' real properties. Plaintiffs bring this action to quiet title in those properties and for monetary damages.

## JURISIDICTION, VENUE, AND PARTIES

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332.  The amount of the matter in controversy exceeds $75,000.00.  Plaintiffs are citizens of the State of Arizona.  Defendants are citizens of the State of Illinois.  Venue is proper in this district because the lawsuit concerns real property located in this district.

3.  The plaintiff Nancy Bashiri has at all relevant times been married to the plaintiff Nasser Bashiri, and is included here as a nominal plaintiff  due to her interests in the subject real property, whether it result from her community property  rights to the marital estate, or from her specific inclusion as an active party in the subject real property transfers described herein.

## STATEMENT OF FACTS

4.  As stated above, prior to the filing of this lawsuit, Nasser Bashiri and Vincent Sadler had been involved in the purchase of real estate investment properties both in the State of Arizona and Florida, among other states.

5.  The defendant Vincent Sadler filed a lawsuit against the plaintiffs, and each of them, requesting enforcement of a settlement agreement purportedly entered into between the parties at a church meeting held on October 5, 2006.  *See* Complaint to Enforce Settlement Agreement and for Other Relief, Case No. 07CV5464, <u>Vincent Sadler v. Nasser Bashiri and Nancy Bashiri, husband and wife</u>, filed in the Northern District of Illinois on September 27, 2007, a copy of which is attached hereto as Exhibit A.  Nasser and Nancy Bashiri, the defendants in that case, have filed their answer contesting the jurisdiction and venue of the Illinois court to hear that case.  Plaintiffs further anticipate having that case transferred

2

to this district pursuant to 28 U.S.C. section 1391 or the legal doctrine of *forum non conveniens*.

6.  In the most general terms, the Vincent Sadler complaint referred to in the previous paragraph requests the following relief:

| APPLICABLE COUNT OF SADLER'S ILLINOIS COMPLAINT | REAL PROPERTY LOCATION | REMEDY REQUESTED BY SADLER | LIS PENDENS RECORDED |
|---|---|---|---|
| COUNT ONE | 28677 SAN LUCAS BONITA SPRINGS, FL | SPECIFIC PERFORMANCE | YES 10/9/07 |
| COUNT TWO | 14630 MERAVI DR BONITA SPRINGS, FL | SPECIFIC PERFORMANCE | YES 10/9/07 |
| COUNT THREE | 21911 N. 36TH ST PHOENIX, AZ | MONEY DAMAGES | YES 10/3/07 (filed) |
| COUNT FOUR | 150 SCENIC DRIVE SEDONA, AZ | MONEY DAMAGES | YES |
| COUNT FIVE | 15 GRANITE MTN RD SEDONA, AZ | MONEY DAMAGES | YES |
| COUNT SIX | 28658 SAN LUCAS BONITA SPRINGS, FL | MONEY DAMAGES | YES 10/9/07 |
| COUNT SEVEN | 9213 QUARTZ LANE NAPLES, FL | MONEY DAMAGES | YES 10/9/07 |
| COUNT EIGHT | 10285 HERITAGE BAY NAPLES, FL | MONEY DAMAGES | YES 10/9/07 |

7.  The defendants Vincent Sadler, Richard T. Reibman, and Schwartz Cooper Chartered, filed or caused to be filed notices of *lis pendens* concerning the

subject real property as indicated above. With the exception of two parcels in Florida property referred to in Counts One and Two above, in the Illinois lawsuit, Vince Sadler does not request specific performance but only requests money damages. Accordingly, the Illinois lawsuit does not affect the title to the real property noted in the remaining counts, i.e., Counts Three through Eight, inclusive.

8. Even though they do not assert or claim an interest in the subject real property, the defendants have intentionally placed a cloud on the title to the remaining property by filing a notice of *lis pendens*, and this has caused the plaintiffs monetary damages by discouraging and nullifying potential sales that the plaintiffs would have been able to make on said properties but for the negligent and intentional conduct of the defendants described herein.

## COUNT ONE
## SLANDER OF TITLE AGAINST ALL DEFENDANTS

9. Plaintiffs reallege the remaining allegations found in this Complaint as though set forth fully herein.

10. Neither Vincent Sadler nor Richard T. Reibman/Schwartz Cooper Chartered have or claim any legal or equitable interest in the following properties, yet they intentionally claimed they did when they filed a *lis pendens* affecting title to that property and causing damages to the defendants as described herein:

> 21911 N. 36TH ST, PHOENIX, AZ;
> 28677 SAN LUCAS, BONITA SPRINGS, FL;
> 9213 QUARTZ LANE, NAPLES, FL;
> 10285 HERITAGE BAY, NAPLES, FL.

4

11. By filing the *lis pendens* notice with respect to the above properties, the defendants declared as a mater of public record to all potential purchasers that the above indicated properties were the subject of litigation in which defendants were claiming a right, title or interest in those properties.

12. The defendants had no reasonable or colorable grounds for asserting any right, title or interest in the subject properties. Defendants recorded the notices of *lis pendens* with full knowledge or in reckless disregard of the fact that it had no reasonable or colorable grounds for asserting any claim of right, title or interest in the subject properties. Accordingly, defendants acted with malice in filing and or recording the notice of *lis pendens*.

13. In filing the notice of *lis pendens*, defendants acted with the specific intent to harm the legitimate pecuniary interests of the plaintiffs. Defendants acted with the specific intent to prevent plaintiffs from selling their property. Defendants knew that plaintiffs were attempting to sell their property and had entered into contracts with purchasers for the sale of those properties. Defendants recorded the notice of *lis pendens* with the specific intent to interfere with those proposed sales and with any other sale opportunities that might be presented to plaintiffs. Defendants recognized and were fully aware of the economic harm that would be sustained by plaintiffs if they were unable to sell their property.

14. As a result of defendant's slander of title and wrongful filing of the notice of *lis pendens*, plaintiffs have sustained damages as a result of their inability to sell the subject properties.

## COUNT TWO
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

15. Plaintiffs reallege the remaining allegations found in this Complaint as though set forth fully herein.

16. Defendants recorded their notice of *lis pendens* against the subject properties with full knowledge or in reckless disregard of the fact that they had no reasonable or colorable grounds for asserting any claim of right, title or interest in the subject properties.

17. At the time that defendants recorded or filed their notice of *lis pendens*, defendants were aware that plaintiffs had entered into contracts to sell the subject properties.

18. Defendants recorded the notice of *lis pendens* with the specific intention of interfering with plaintiffs' contracts for the sale of the subject properties. By recording the notice of *lis pendens*, defendants deliberately, maliciously, and without any right or justification interfered with plaintiffs' rights under their contracts for the sale of the subject properties.

## COUNT THREE
## QUIET TITLE

19. Plaintiffs reallege the remaining allegations found in this Complaint as though set forth fully herein.

20. Defendants recorded their notice of *lis pendens* against the subject properties with full knowledge or in reckless disregard of the fact that they had no reasonable or colorable grounds for asserting any claim of right, title or interest in the subject properties.

21. Plaintiffs are entitled to the immediate removal, release and cancellation of defendants' notice of *lis pendens* with respect to each of the subject real properties.

### CRIMINAL AND CIVIL LIABILITY OF THE DEFENDANTS
### PURSUANT TO ARIZONA STATE LAW, A.R.S. SECTION 33-420

22. Plaintiffs reallege the remaining allegations found in this Complaint as though set forth fully herein.

23. Arizona Revised Statutes section 33-420, provides in relevant part as follows:

"33-420. <u>False documents; liability; special action; damages; violation; classification</u>

A. A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

\*    \*    \*

D. A document purporting to create an interest in, or a lien or encumbrance against, real property not authorized by statute, judgment or other specific legal authority is presumed to be groundless and invalid.

E. A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is guilty of a class 1 misdemeanor."

24. As a result of defendant's slander of title and wrongful filing of the notice of lis pendens, plaintiffs are entitled to treble damages in accordance with A.R.S. section 33-420.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs Nasser Bashiri and Nancy Bashiri demand joint and several judgment against the defendants Vincent Sadler, individually, Richard T. Reibman, individually, and the law firm of Schwartz Cooper Chartered, including:

a) Money damages to be proven at trial;

b) Equitable relief in the form of an Order requiring the defendants to release its notice of *lis pendens* with respect to the subject properties;

c) Punitive damages with respect to the defendants' intentional, malicious, and tortuous misconduct as described herein;

d) All costs and fees incurred by plaintiffs with respect to this Complaint; and

e) Such further relief as the Court deems appropriate and just.

Respectfully submitted,

*Nasser Bashiri*

*Nancy Bashiri*

Nasser and Nancy Bashiri, Plaintiffs
7222 East Gainey Ranch Road, Unit 238
Scottsdale AZ 85258
501 762-2525

## VERIFICATION

We, Nasser and Nancy Bashiri, declare and state as follows:

We are the named defendants in the above entitled and numbered cause.

All of the statements made in the Plaintiff's Complaint are true and complete to the best of our knowledge and belief.

We make this declaration under penalty of perjury in Scottsdale, Arizona, on the 20th day of November , 2007.

Nasser Bashim
Nancy Bashiri

**Nasser and Nancy Bashiri, Declarants**

# Exhibit A

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

VINCENT SADLER

V.

NASSER BASHIRI and NANCY
BASHIRI, husband and wife

CASE

**07CV 5464**

ASSI **JUDGE ANDERSEN**

DES **MAGISTRATE JUDGE MASON**

MAGI

TO: (Name and address of Defendant)

Nasser Bashiri
21911 N. 36th Street
Phoenix, Arizona 85050

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Patrick T. Stanton
Richard T. Reibman
Schwartz Cooper Chartered
180 N. LaSalle Street, Suite 2700
Chicago, Illinois 60601

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

**NADINE FINLEY**

(By) DEPUTY CLERK

SEP 27 2007

DATE

AO 440  (Rev: 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### SUMMONS IN A CIVIL CASE

VINCENT SADLER

v.

NASSER BASHIRI and NANCY
BASHIRI, husband and wife

CASI **07CV 5464**

ASSI **JUDGE ANDERSEN**
**MAGISTRATE JUDGE MASON**

DESI_____

MAGISTRATE JUDGE:

TO: (Name and address of Defendant)

Nancy Bashiri
21911 N. 36th Street
Phoenix, Arizona 85050

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Patrick T. Stanton
Richard T. Reibman
Schwartz Cooper Chartered
180 N. LaSalle Street, Suite 2700
Chicago, Illinois 60601

an answer to the complaint which is herewith served upon you, within _____**20**_____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

......... When the print dialogue

the Annotations option.

MICHAEL W. DOBBINS, CLERK

**NADINE FINLEY**

(By) DEPUTY CLERK

SEP 2 7 2007

DATE

MAGISTRATE JUDGE MASON

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JUDGE ANDERSEN

VINCENT SADLER, )
)
Plaintiff, )
)
v. ) No. _____
)
NASSER BASHIRI and NANCY ) 07C 5464
BASHIRI, husband and wife )
)
Defendants. )

RECEIVED SEP 27 2007 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

## COMPLAINT TO ENFORCE SETTLEMENT AGREEMENT
## AND FOR OTHER RELIEF

Plaintiff Vincent Sadler, by his attorneys, complains of Defendants as follows:

### Nature of the Case

Plaintiff and Defendant Nasser Bashiri entered into a series of ventures to purchase investment real estate. Disputes arose and the parties agreed to mediate their dispute, which culminated in a written settlement agreement. Defendant briefly performed some of the terms of the settlement agreement, and then refused to perform further. Under the settlement agreement, Defendant is obligated to quitclaim certain real estate to Plaintiff, which Defendant refuses to do. Defendant is also liable to Plaintiff for more than $300,000 in delinquent payments under the settlement agreement and these liabilities continue to accrue through the date of judgment.

### Parties, Jurisdiction, and Venue

1.      Plaintiff is an individual who resides in, and is a citizen of, the State of Illinois.

2.      Defendant Nasser Bashiri is an individual who resides in, and is a citizen of, the State of Arizona. Defendant Nancy Bashiri is an individual who resides in, and is a citizen of, the State of Arizona. The Defendants are married. Defendant Nancy Bashiri is a nominal defendant in this action because Arizona is a community property state, and the community

447029.4 050669-38762

property of their marriage may be subject to the claims stated herein. (In this Complaint, use of the term "Defendant" means Nasser Bashiri, unless otherwise stated).

3.    The amount in controversy exceeds $75,000 exclusive of interest and costs.

4.    Jurisdiction is appropriate because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and is between citizens of different states. Venue is appropriate in the Northern District of Illinois because a substantial portion of the events giving rise to the claims occurred within the Northern District of Illinois. Among other things, (a) when the Plaintiff and Defendant commenced their business relationship, Plaintiff was a resident of Chicago, Illinois and Defendant was a resident of Northbrook, Illinois (Defendant is currently a resident of Arizona), (b) the mediation described below occurred in Chicago, Illinois, (c) the five mediators present, all of whom are witnesses, reside in the Chicago, Illinois metropolitan area, and (d) the settlement agreement described below was executed by the parties in Chicago, Illinois and witnessed by the mediators in Chicago, Illinois.

**Background**

5.    In late 2004, Defendant approached Plaintiff and suggested that they join together to invest in several real estate properties. Defendant stated that he had been successfully buying and selling real estate for investment purposes for several years. Defendant stated that he owned numerous properties in Arizona, Hawaii, Illinois, Florida, Colorado and Grand Cayman, and that the properties produced rental income while at the same time appreciating in value. Defendant stated that he wanted to buy more properties and wanted Plaintiff to join with him to do so.

6.    In early 2005, the parties agreed to purchase properties and to share all income and expenses equally.

7.    Certain properties were acquired, but Defendant did not share the expenses equally. Plaintiff was providing down payments for properties, but Defendant did not. Plaintiff

repeatedly asked Defendant when he was going to put in his 50% share of the down payments.

Defendant offered various excuses for delay, typically stating that his cash was not liquid and

that he was waiting for other properties he owned to be sold and that as soon as the properties

sold, he would contribute the money.

       8.     Although Defendant never contributed equity (i.e., down payments) to any of the

properties, Defendant paid certain other limited expenses and paid his one-half share of monthly

expenses until July 2006.

       9.     In July 2006, Defendant stopped making his monthly payments. A dispute

ensued.

       10.    The parties agreed to mediate their dispute. The parties are members of the same

church, and the dispute was mediated by elders of the church who were mutually agreeable to the

parties. Mediation took place in Chicago, Illinois, over a two-day period, October 4 and October

5, 2006.

       11.    The parties reached a settlement agreement during the mediation process. One of

the mediators had a laptop computer, and while the parties were present, the mediator typed the

terms of the settlement agreement, and printed out the document for all to review and approve.

       12.    On October 5, 2006, at the conclusion of the mediation process, the settlement

agreement was signed by the parties as well as the mediators. A copy of the settlement

agreement (the "Settlement Agreement") is attached hereto as Exhibit A and incorporated into

this Complaint by this reference.

       13.    The Settlement Agreement required the parties to do the following[1] with respect

to the properties identified below:

---

[1] These bullet points summarize the Settlement Agreement's terms, but do not include every term.

447029.4 050669-38762

3

- Palmira 28677 (see Count I): Defendant agreed to quitclaim this property to Plaintiff, with each party to pay their own costs except that Defendant would pay any damages caused by renters. Plaintiff agreed to pay $40,000 to Defendant.

- Mcravi Dr. (see Count II): Defendant agreed to quitclaim this property to Plaintiff.

- Aviano (see Count III): The parties agreed that the property would be sold and split 50/50, with all expenses and profits to be split equally. Defendant agreed to pay $25,635 (one-half of the down payment advanced by Plaintiff) to Plaintiff with interest at prime until March 1, 2007, at which time the rate moved to 14% until the balance is paid in full. However, following execution of the Settlement Agreement, Defendant stated that he wanted to reside at Aviano (where he now lives) and no longer wanted to sell it. Plaintiff stated he would agree to this if Defendant returned to Plaintiff $51,271 (the down payment advanced by Plaintiff), plus interest. Defendant agreed, moved into Aviano, and then refused to return the down payment to Plaintiff or pay any of the interest.

- Back O'Beyond (see Count IV): Defendant agreed to buy Back O'Beyond for $50,000 (in excess of cost) and to pay interest pending the purchase at the prime rate for 90 days, and thereafter at 14%.

- La Barranca[2] (see Count V): Defendant agreed to buy the property at cost and pay interest pending the purchase at the prime rate for 90 days, and thereafter at 14%.

- Palmira 28658 (see Count VI): Defendant agreed to buy the property at cost and pay interest pending the purchase at the prime rate from November 2006 through January 2007, and thereafter at 14%.

- Quartz Cove (see Count VII): Defendant agreed to pay $56,600 to Plaintiff to reimburse Plaintiff for his down payment on the property, obtain financing and take possession. Pending financing, Defendant agreed to pay interest on the $56,600 at the prime rate until March 1, 2007, and thereafter at 14% until Plaintiff was paid.

- Heritage Bay (see Count VIII): Defendant agreed to reimburse Plaintiff for Plaintiff's down payment of $40,787. Pending reimbursement, Defendant agreed to pay interest at the prime rate until March 1, 2007, and thereafter at 14% until the down payment is reimbursed.

---

[2] In the Settlement Agreement, this property is sometimes referred to as "La Barranca" and at other times as "15 Granite Rd."

447029.4 050669-38762

4

14.    For approximately one month following the execution of the Settlement Agreement, Defendant paid certain amounts he was required to pay under the Settlement Agreement.

15.    After approximately one month, Defendant ceased performing his obligations under the Settlement Agreement and notified the mediators that we would no longer comply with any of the terms of the Settlement Agreement.

16.    Plaintiff performed all of his material obligations under the Settlement Agreement.

## COUNT I

### Specific Performance to Quitclaim
### 28677 San Lucas Lane
### Bonita Springs, FL 34135
### ("Palmira 28677")

17.    Plaintiff incorporates by reference paragraphs 1-16 above as paragraph 17 of Count I.

18.    Upon information and belief, Defendant is the owner of record of the property commonly known as 28677 San Lucas Lane, Bonita Springs, Florida 34135, in the Palmira development ("Palmira 28677").

19.    Under the terms of the Settlement Agreement, Defendant agreed to deliver to Plaintiff a quitclaim deed of Palmira 28677.

20.    Defendant breached the Settlement Agreement by failing to deliver a quitclaim deed of Palmira 28677.  Plaintiff has no adequate remedy at law because the subject matter of the claim involves unique real estate.

WHEREFORE, Plaintiff prays for the entry of a judgment and decree in his favor and against Defendant (and against Defendant Nancy Bashiri to the extent of her community property interests), ordering Defendant (and Defendant Nancy Bashiri, if applicable) to deliver to

Plaintiff a quitclaim deed of Palmira 28677, and granting such other relief as the Court deems just and proper.

## COUNT II

### Specific Performance to Quitclaim
### 14630 Meravi Drive
### Bonita Springs, FL 34135
### ("Meravi Dr.")

21.     Plaintiff incorporates by reference paragraphs 1-16 above as paragraph 21 of Count II.

22.     Upon information and belief, Defendant is the owner of record of the property commonly known as 14630 Meravi Drive, Bonita Springs, Florida 34135 ("Meravi Dr.").

23.     Under the terms of the Settlement Agreement, Defendant agreed to deliver to Plaintiff a quit claim deed of Meravi Dr.

24.     Defendant breached the Settlement Agreement by failing to deliver a quitclaim deed of Meravi Dr.  Plaintiff has no adequate remedy at law because the subject matter of the claim involves unique real estate.

WHEREFORE, Plaintiff prays for the entry of a judgment and decree in his favor and against Defendant (and against Defendant Nancy Bashiri to the extent of her community property interests), ordering Defendant (and Nancy Bashiri, if applicable) to deliver to Plaintiff a quitclaim deed of Meravi Dr., and granting such other relief as the Court deems just and proper.

## COUNT III

### Money Damages
### 21911 N. 36th St.
### Phoenix, AZ
### ("Aviano")

25.     Plaintiff incorporates by reference paragraphs 1-16 above as paragraph 25 of Count III.

26.     Plaintiff paid the down payment of $51,271 for the purchase of property commonly known as 21911 N. 36 St., Phoenix, Arizona in the Aviano Desert Ridge development ("Aviano").

27.     Under the terms of the Settlement Agreement, Defendant was obligated to pay Plaintiff the sum of $25,635 (representing half of the down payment).  In addition, until the property is sold, the Settlement Agreement required Defendant to pay interest on the down payment (a) at the prime rate from October 6, 2006 until March 1, 2007 and (b) at the fixed rate of 14% until Aviano is sold.  However, following execution of the Settlement Agreement, Defendant stated that he wanted to reside at Aviano (where he now lives) and no longer wanted to sell it.  Plaintiff stated he would agree to this if Defendant returned to Plaintiff $51,271 (the down payment advanced by Plaintiff), plus interest.  Defendant agreed, moved into Aviano, and then refused to return the down payment to Plaintiff or pay any of the interest.

28.     Defendant breached the Settlement Agreement, as amended, because Defendant has failed to pay $51,271 to Plaintiff, and because Defendant paid any of the interest accruing after November 30, 2006.

29.     Interest due as of September 30, 2007 is $4,657.32.  Interest continues to accrue from and after October 1, 2007 through the date of judgment at the per diem rate of $19.66.

WHEREFORE, Plaintiff prays for the entry of a judgment in his favor against Defendant (and against Defendant Nancy Bashiri to the extent of her community property interests), in the

447029.4 050669-3871( 2

7

amount of $51,271, plus $4,657.32 representing interest due and unpaid through September 30,

2007, plus an amount equal to interest at the per diem rate of $19.66 from October 1, 2007

through the date of judgment, plus an amount equal to damages suffered by Plaintiff arising from

Plaintiff's liquidation of other assets reasonably necessitated due to Defendant's breaches, and

granting such other relief as the Court deems just and proper.

## COUNT IV

### Money Damages
### 150 Scenic Drive
### Sedona, AZ
### ("BOB")

30.    Plaintiff incorporates by reference paragraphs 1-16 above as paragraph 30 of

Count IV.

31.    Under the Settlement Agreement, Defendant agreed to buy from Plaintiff the

property commonly known as 150 Scenic Drive, Sedona, Arizona in the Back O' Beyond

development ("BOB") for the original cost of $575,836.75 plus $50,000.  Pending Defendant's

obtaining financing for the purchase, Defendant was obligated to pay interest on $575,836.75 at

(a) the "prime rate" from October 6, 2006 through January 3, 2007 and (b) at the fixed rate of

14% thereafter until Defendant purchases BOB from Plaintiff.

32.    Defendant breached the Settlement Agreement because he failed to purchase BOB

from Plaintiff and because he failed to pay any of the interest accruing after November 30, 2006.

33.    Interest due as of September 30, 2007 is $63,768.75.  Interest continues to accrue

from and after October 1, 2007 through the date of judgment at the per diem rate of $218.63.

WHEREFORE, Plaintiff prays for the entry of a judgment in his favor against Defendant

(and against Defendant Nancy Bashiri to the extent of her community property interests), in the

amount of $63,768.75 representing interest due and unpaid through September 30, 2007, plus an

447029.4 050669-38762                                    8

amount equal to interest at the per diem rate of $218.63 from October 1, 2007 through the date of judgment, plus an amount representing damages from Defendant's breach of his promise to buy BOB from Plaintiff, plus an amount equal to damages suffered by Plaintiff arising from Plaintiff's liquidation of other assets reasonably necessitated due to Defendant's breaches, and granting such other relief as the Court deems just and proper.

## COUNT V

### Money Damages
### 15 Granite Mountain Road
### Sedona, AZ
### ("La Barranca" or "15 Granite Rd.")

34.    Plaintiff incorporates by reference paragraphs 1-16 above as paragraph 34 of Count V.

35.    Under the Settlement Agreement, Defendant agreed to buy from Plaintiff the property commonly known as 15 Granite Mountain Road, Sedona, Arizona ("La Barranca") for the original cost of $348,267.54.  Pending Defendant's obtaining financing for the purchase, Defendant was obligated to pay interest to Plaintiff on $348,267.54 at (a) the "prime rate" from October 6, 2006 through January 3, 2007 and (b) at the fixed rate of 14% thereafter until Defendant purchases La Barranca from Plaintiff.

36.    Defendant breached the Settlement Agreement because he failed to purchase La Barranca from Plaintiff, and because Defendant has not paid any of the interest accruing after November 30, 2006.

37.    Interest due as of September 30, 2007 is $36,644.94.  Interest continues to accrue from and after October 1, 2007 through the date of judgment at the per diem rate of $133.86.

WHEREFORE, Plaintiff prays for the entry of a judgment in his favor against Defendant (and against Defendant Nancy Bashiri to the extent of her community property interests), in the

amount of $35,644.94 representing interest due and unpaid through September 30, 2007, plus an amount equal to interest at the per diem rate of $133.86 from October 1, 2007 through the date of judgment plus an amount representing damages from Defendant's breach of his promise to buy La Barranca from Plaintiff, plus an amount equal to damages suffered by Plaintiff arising from Plaintiff's liquidation of other assets reasonably necessitated due to Defendant's breaches, and granting such other relief as the Court deems just and proper.

## COUNT VI

**Money Damages**
**28658 San Lucas Lane**
**Bonita Springs, Florida**
**("Palmira 28658")**

38.     Plaintiff incorporates by reference paragraphs 1-16 above as paragraph 34 of Count VI.

39.     Under the Settlement Agreement, Defendant agreed to buy from Plaintiff the property commonly known as 28658 San Lucas Lane, Bonita Springs, Florida ("Palmira 28658") for the original cost of $498,968.16.  Pending Defendant's obtaining financing for the purchase, Defendant was obligated to pay interest on $498,968.16 at (a) the "prime rate" from November 1, 2006 through January 31, 2007 and (b) at the fixed rate of 14% thereafter until Defendant purchases Palmira 28658 from Plaintiff.

40.     Defendant breached the Settlement Agreement because he has failed to purchase Palmira 28658 from Plaintiff, and because Defendant has not paid any of the interest accruing after November 30, 2006.

41.     Interest due as of September 30, 2007, is $53,431.12.  Interest continues to accrue from and after October 1, 2007 through the date of judgment at the per diem rate of $191.38.

447029.4 050669-38762

10

WHEREFORE, Plaintiff prays for the entry of a judgment in his favor against Defendant (and against Defendant Nancy Bashiri to the extent of her community property interests), in the amount of $53,431.12 representing interest due and unpaid through September 30, 2007, plus an amount equal to interest at the per diem rate of $191.38 from October 1, 2007 through the date of judgment, plus an amount representing damages from Defendant's breach of his promise to buy Palmira 28658 from Plaintiff, plus an amount equal to damages suffered by Plaintiff arising from Plaintiff's liquidation of other assets reasonably necessitated due to Defendant's breaches, and granting such other relief as the Court deems just and proper.

## COUNT VII

**Money Damages**
**9213 Quartz Lane**
**Unit 101**
**Naples, Florida 34120**
**("Quartz Cove")**

42.     Plaintiff incorporates by reference paragraphs 1-16 above as paragraph 42 of Count VII.

43.     Under the Settlement Agreement, Defendant agreed to reimburse Plaintiff for his payment of $56,600, for Plaintiff's down payment on the property commonly known as 9213 Quartz Lane, Unit 101, Naples, Florida, 34120 ("Quartz Cove"). Pending reimbursement, Defendant was obligated to pay interest on $56,600 at (a) the "prime rate" from October 6, 2006 through March 1, 2007 and (b) at the fixed rate of 14% thereafter until the time of reimbursement.

44.     Defendant breached the Settlement Agreement because has never reimbursed Plaintiff for his down payment, and because Defendant has not paid any interest accruing after November 30, 2006.

45.    Interest due as of September 30, 2007 is $4622.31. Interest continues to accrue from and after October 1, 2007 through the date of judgment at the per diem rate of $21.71.

WHEREFORE, Plaintiff prays for the entry of a judgment in his favor against Defendant (and against Defendant Nancy Bashiri to the extent of her community property interests), in the amount of $56,600, plus $4622.31 representing interest due and unpaid through September 30, 2007, plus an amount equal to interest at the per diem rate of $21.71 from October 1, 2007 through the date of judgment, plus an amount equal to damages suffered by Plaintiff arising from Plaintiff's liquidation of other assets reasonably necessitated due to Defendant's breaches, and granting such other relief as the Court deems just and proper.

### COUNT VIII

**Money Damages**
**10285 Heritage Bay Blvd**
**Unit 834**
**Naples, Florida 34120**
**("Heritage Bay")**

46.    Plaintiff incorporates by reference paragraphs 1-16 above as paragraph 46 of Count VIII.

47.    Under the Settlement Agreement, Defendant agreed to reimburse Plaintiff for the sum of $40,787, representing Plaintiff's down payment on the property commonly known as 10285 Heritage Bay Blvd., Unit 834, Naples, Florida 34120 ("Heritage Bay"). Pending reimbursement, Defendant was obligated to pay interest on $40,787 at (a) the "prime rate" from October 6, 2006 through March 1, 2007, and (b) at the fixed rate of 14% thereafter until the time of reimbursement.

48.    Defendant breached the Settlement Agreement because he failed to reimburse Plaintiff for his down payment, and because he failed to pay any interest accruing after November 30, 2006.

447029.4 050669-38762

12

49.     Interest due as of September 30, 2007 is $4172.18. Interest continues to accrue from and after October 1, 2007 through the date of judgment at the per diem rate of $15.64.

WHEREFORE, Plaintiff prays for the entry of a judgment in his favor against Defendant (and against Defendant Nancy Bashiri to the extent of her community property interests), in the amount of $40,787, plus $4172.18 representing interest due and unpaid through September 30, 2007, plus an amount equal to interest at the per diem rate of $15.64 from October 1, 2007 through the date of judgment, plus an amount equal to damages suffered by Plaintiff arising from Plaintiff's liquidation of other assets reasonably necessitated due to Defendant's breaches, and granting such other relief as the Court deems just and proper.

Dated: September 27, 2007

Respectfully submitted,

VINCENT SADLER

By: _____

One of his Attorneys

Patrick T. Stanton (ARDC #6216899)
Richard T. Reibman (ARDC#3122849)
Schwartz Cooper Chartered
180 North La Salle, Suite 2700
Chicago, IL 60601
(312) 346-1300

Below are the agreed upon conditions regarding properties associated in Arkansas Arizona and Florida for Vince Sadler (VS) and Nasser Bashiri (NB). The following conditions were agreed on October 5, 2006.

**General Terms**

- Aviano (1 Property)-property will be sold and split 50/50-all expenses and profit will be split equally (Decision regarding the sale and price will be agree by both when it becomes saleable)
  - Nancy Bashiri will not have anything to do with the sale of this property and will receive no fees of any sort (Both agree)
- NB will pay the balance ($37,652.59) within 30 days from the date this agreement is signed if he does not NB will pay VS interest at the rate of .50%
- NB will pay his portion of the mortgage monthly
- VS will provide the articles of corp. to NB for ARC Investments

**Arkansas**

- NB:
  - Agrees that VS will take Morphew Rd
  - Will have possession of following properties: G6, J6
  - Agrees to pay 10K for sell of J4 property
    - Agrees to pay 3K deposit for each properties (J4 & J6-return to equity line-within a week)

- VS
  - Agrees to pay NB 20K for Morphew Rd.
  - Will have possession of following properties H2, H6, H7, H8
  - Agrees to cancel out 2 months of deposit interest for J6

**Arizona**

- NB :
  - Agrees to pay VS 50K for "BOB"
  - Agrees to bring payments up to date, for "Back-O-Beyond (BOB)" & "15 Granite" (August – October 2006)
  - Provide VS building plans for 60 La Barranca

- VS:
  - Agrees to charge NB interest rate of prime for "BOB" & 15 Granite Rd. until NB finances BOB &15 Granite if not financed within 90 days NB will have to pay interest at rate of 14%

**Florida**

- NB:
  - Quartz Cove-NB to have possession of property/will finance property by February 2007. NB will pay interest to VS at the rate of prime until March 1, 2007
    - Penalty if not financed by March 1, 2007 will be to pay interest at rate of 14%
  - Aviano-NB will get financing in his name

EXHIBIT
A

- o  Agrees to return deposit of $25,635(Aviano)-NB will pay monthly payments of prime until March 1, 2007 at which time the rate goes to 14% until the balance is paid in full
- o  Agrees to pay $56,600 to VS for deposit of Quartz Cove NB will pay monthly payments of prime until March 1, 2007 at which time the rate goes to 14% until the balance is paid in full
- o  Heritage Bay Ashbury 834 3rd Fl.-NB will pay VS $40,787 for deposit/down payment
  - • NB will pay monthly payments of prime until March 1, 2007 at which time the rate goes to 14% until the balance is paid in full
- o  Palmira-28658, NB will be refinancing this property in his name by March 1, 2007, until he receive financing he will pay VS interest at the rate of prime for November 2006-January 2007; if not finance by February 1, 2007 interest rate goes to 14%
- o  Palmira 28677-NB agrees to "quit claim" the property into VS name and each party will pay their own cost to related to this transaction (any damages cause by current renters will be absorb by NB)
  - • Agrees to pay NB $40K for property

- • VS:
  - o  Meravi Dr.-NB will quit claim his interest in this property to VS; VS will then have sole possession of Meravi Dr.

Parties agreeable to outline conditions above:

_Nasser Bashiri_
Nasser Bashiri

_[signature]_
Vince Sadler

Witnesses:

_[signature]_
A. Aldridge

_[signature]_
D. Micah

_[signature]_
A. Holmes

_[signature]_
R. Zarate

_[signature]_
T.J. Bullock

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

NASSER BASHIRI
NANCY BASHIRI

**DEFENDANTS**

VINCENT SADLER, individually, RICHARD T. REIBMAN, individually, and SCHWARTZ COOPER CHARTERED

**(b)** County of Residence of First Listed Plaintiff   MARICOPA COUNTY AZ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   COOK COUNTY, ILLINOIS
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
The plaintiffs are not represented by counsel.

Attorneys (If Known)

At the time of filing, the plaintiffs do not know if the defendants are represented by counsel in this action.

## II.  BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1   U.S. Government
        Plaintiff

☐ 3   Federal Question
        (U.S. Government Not a Party)

☐ 2   U.S. Government
        Defendant

☒ 4   Diversity
        (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☒ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1   Original
        Proceeding

☐ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        another district
        (specify)

☐ 6   Multidistrict
        Litigation

☐ 7   Appeal to District
        Judge from
        Magistrate
        Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332;  diversity of citizenship

Brief description of cause:
Action for damages and specific performance against defendants that filed a groundless notice of lis pendens

## VII.  REQUESTED IN
COMPLAINT:

☐  CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**
300,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII.  RELATED CASE(S)
IF ANY

(See instructions):
JUDGE   Not in this district

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE