___ FILED  ___ LODGED
___ RECEIVED  ___ COPY

JAN 3 0 2008

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

NASSER BASHIRI and
NANCY BASHIRI,
   Plaintiff,

vs.

VINCENT SADLER, individually,
RICHARD T. REIBMAN, individually, and
SCHWARTZ COOPER CHARTERED,
   Defendants.

CASE NO. CV 07-2268-PHX-JAT

JAMES A. TEILBORG, JUDGE

JURY TRIAL DEMANDED

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Nasser Bashiri and Nancy Bashiri, plaintiffs, who file this their Complaint against the defendants Vincent Sadler, individually, Richard T. Reibman, individually, and his law firm of Schwartz Cooper Chartered, an Illinois corporation with principal place of business in Illinois.

### INTRODUCTION

1. Prior to the filing of this lawsuit, Nasser Bashiri and Vincent Sadler had been involved in the purchase of real estate investment properties both in the State of Arizona and in other states. The defendant Sadler hired the defendants Richard T. Reibman and his law firm of Schwartz Cooper Chartered to file a lawsuit against the plaintiff in Chicago. Defendant's counsel then recorded various *lis pendens* notices in Arizona and in other states against real property owned by the plaintiffs when counsel knew, or should have known, that such filing was in reckless disregard of the fact that the defendant Sadler had no reasonable or colorable grounds for asserting any claim of right, title, or interest in the plaintiffs' real properties. Plaintiffs bring this action to quiet title in those properties and for monetary damages.

### JURISIDICTION, VENUE, AND PARTIES

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. The amount of the matter in controversy exceeds $75,000.00. Plaintiffs are citizens of the State of Arizona. The defendant Vincent Sadler is a citizen of the State of Illinois. The

1

defendant Richard T. Reibman is a citizen of the State of Illinois. The defendant law firm Schwartz Cooper Chartered is a corporation incorporated in the State of Illinois with principal place of business in Illinois. Venue is proper in this district because the lawsuit concerns real property located in this district.

3. The plaintiff Nancy Bashiri has at all relevant times been married to the plaintiff Nasser Bashiri, and is included here as a nominal plaintiff due to her interests in the subject real pro0erty, whether it result from her community property rights to the marital estate, or from her specific inclusion as an active party in the subject real property transfers described herein.

## STATEMENT OF FACTS

4. As stated above, prior to the filing of this lawsuit, Nasser Bashiri and Vincent Sadler had been involved in the purchase of real estate investment properties both in the State of Arizona and Florida, among other states.

5. The defendant Sadler filed a lawsuit against the plaintiffs, and each of them, requesting enforcement of a settlement agreement purportedly entered into between the parties at a church meeting held on October 5, 2006. *See* Complaint to Enforce Settlement Agreement and for Other Relief, Case No. 07CV5464, <u>Vincent Sadler v. Nasser Bashiri and Nancy Bashiri, husband and wife</u>, filed in the Northern District of Illinois on September 27, 2007, a copy of which is attached hereto as Exhibit A. Nasser and Nancy Bashiri, the defendants in that case, have filed their answer contesting the jurisdiction and venue of the Illinois court to hear that case. Plaintiffs further anticipate having that case transferred to this district pursuant to 28 U.S.C. section 1391 or the legal doctrine of *forum non conveniens*.

6. In the most general terms, the Sadler complaint referred to in the previous paragraph requests the following relief:

| APPLICABLE COUNT OF SADLER'S ILLINOIS COMPLAINT | REAL PROPERTY LOCATION | REMEDY REQUESTED BY SADLER | LIS PENDENS RECORDED |
|---|---|---|---|
| COUNT ONE | 28677 SAN CLUCAS BONITA SPRINGS, FL | SPECIFIC PERFORMANCE | YES 10/9/07 |
| COUNT TWO | 14630 MERAVI DR BONITA SPRINGS, FL | SPECIFIC PERFORMANCE | YES 10/9/07 |
| COUNT THREE | 21911 N. 36TH ST PHOENIX, AZ | MONEY DAMAGES | YES 10/3/07 (filed) |
| COUNT FOUR | 150 SCENIC DRIVE SEDONA, AZ | MONEY DAMAGES | NO |
| COUNT FIVE | 15 GRANITE MTN RD SEDONA, AZ | MONEY DAMAGES | NO |
| COUNT SIX | 28658 SAN LUCAS BONITA SPRINGS, FL | MONEY DAMAGES | YES 10/9/07 |
| COUNT SEVEN | 9213 QUARTZ LANE NAPLES, FL | MONEY DAMAGES | YES 10/9/07 |
| COUNT EIGHT | 10285 HERITAGE BAY NAPLES, FL | MONEY DAMAGES | YES 10/9/07 |

7. The defendants Vincent Sadler, Richard T. Reibman, and Schwartz Cooper Chartered, filed or caused to be filed notices of *lis pendens* concerning the subject real property as indicated above. With the exception of two parcels of Florida property referred to in Counts One and Two above, in the Illinois lawsuit Sadler does not request specific performance but only requests money damages. Accordingly, the Illinois lawsuit does not affect the title to the real property noted in the remaining counts, i.e.,

Counts Three through Eight, inclusive.

8. Even though they do not assert or claim an interest in the subject real property, the defendants have intentionally placed a cloud on the title to the remaining property by filing a notice of *lis pendens*, and this has caused the plaintiffs monetary damages by discouraging and nullifying potential sales that the plaintiffs would have been able to make on said properties but for the negligent and intentional conduct of the defendants described herein.

## COUNT ONE
## SLANDER OF TITLE AGAINST ALL DEFENDANTS

9. Plaintiffs reallege the remaining allegations found in this Complaint as though set forth fully herein.

10. Neither Vincent Sadler nor Richard T. Reibman/Schwartz Cooper Chartered have or claim any legal or equitable interest in he following properties, yet they intentionally claimed they did when they filed a *lis pendens* affecting title to that property and causing damages to the defendants as described herein:

>21911 N. 36TH ST, PHOENIX, AZ;
>150 SCENIC DRIVE, SEDONA, AZ;
>15 GRANITE MTN RD, SEDONA, AZ;
>28658 SAN LUCAS, BONITA SPRINGS, FL;
>9213 QUARTZ LANE, NAPLES, FL;
>10285 HERITAGE BAY, NAPLES, FL.

11. By filing the *lis pendens* notice with respect to the above properties, the defendants declared as a mater of public record to all potential purchasers that the above indicated properties were the subject of litigation in which defendants were claiming a right, title or interest in those properties.

12. The defendants had no reasonable or colorable grounds for asserting any right, title or interest in the subject properties. Defendants recorded the notices of *lis pendens* with full knowledge or in reckless disregard of the fact that it had no reasonable or colorable grounds for asserting any claim of right, title or interest in the subject properties. Accordingly, defendants acted with malice in filing and or recording the notice of *lis pendens*.

13. In filing the notice of *lis pendens*, defendants acted with the specific intent to harm the legitimate pecuniary interests of the plaintiffs. Defendants acted with the specific intent to prevent plaintiffs from selling their property. Defendants knew that plaintiffs were attempting to sell their property and had entered into contracts with purchasers for the sale of those properties. Defendants recorded the notice of *lis pendens* with the specific intent to interfere with those proposed sales and with any other sale opportunities that might be presented to plaintiffs. Defendants recognized and were fully aware of the economic harm that would be sustained by plaintiffs if they were unable to sell their property.

14. As a result of defendant's slander of title and wrongful filing of the notice of *lis pendens*, plaintiffs have sustained damages as a result of their inability to sell the subject properties.

## COUNT TWO
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

15. Plaintiffs reallege the remaining allegations found in this Complaint as though set forth fully herein.

16. Defendants recorded their notice of *lis pendens* against the subject properties with full knowledge or in reckless disregard of the fact that they had no reasonable or colorable grounds for asserting any claim of right, title or interest in the subject properties.

17. At the time that defendants recorded or filed their notice of *lis pendens*, defendants were aware that plaintiffs had entered into contracts to sell the subject properties.

18. Defendants recorded the notice of *lis pendens* with the specific intention of interfering with plaintiffs' contracts for the sale of the subject properties. By recording the notice of *lis pendens*, defendants deliberately, maliciously, and without any right or justification interfered with plaintiffs' rights under their contracts for the sale of the subject properties.

## COUNT THREE
## QUIET TITLE

19. Plaintiffs reallege the remaining allegations found in this Complaint as though set forth fully herein.

20. Defendants recorded their notice of *lis pendens* against the subject properties with full knowledge or in reckless disregard of the fact that they had no reasonable or colorable grounds for asserting any claim of right, title or interest in the subject properties.

21. Plaintiffs are entitled to the immediate removal, release and cancellation of defendants' notice of *lis pendens* with respect to each of the subject real properties.

## CRIMINAL AND CIVIL LIABILITY OF THE DEFENDANTS
## PURSUANT TO ARIZONA STATE LAW, A.R.S. SECTION 33-420

22. Plaintiffs realign the remaining allegations found in this Complaint as though set forth fully herein.

23. Arizona Revised Statutes section 33-420, provides in relevant part as follows:

"33-420. <u>False documents; liability; special action; damages; violation; classification</u>

A. A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

\*   \*   \*

D. A document purporting to create an interest in, or a lien or encumbrance against, real property not authorized by statute, judgment or other specific legal authority is presumed to be groundless and invalid.

E. A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is

6

forged, groundless, contains a material misstatement or false claim or is otherwise invalid is guilty of a class 1 misdemeanor."

24. As a result of defendant's slander of title and wrongful filing of the notice of lis pendens, plaintiffs are entitled to treble damages in accordance with A.R.S. section 33-420.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs Nasser Bashiri and Nancy Bashiri demand joint and several judgment against the defendants Vincent Sadler, individually, Richard T. Reibman, individually, and the law firm of Schwartz Cooper Chartered, including:

a) Money damages to be proven at trial;
b) Equitable relief in the form of an Order requiring the defendants to release its notice of *lis pendens* with respect to the subject properties;
c) Punitive damages with respect to the defendants' intentional, malicious, and tortuous misconduct as described herein;
d) All costs and fees incurred by plaintiffs with respect to this Complaint; and
e) Such further relief as the Court deems appropriate and just.

Respectfully submitted,

*/s/ Nasser Bashiri*
*/s/ Nancy Bashiri*
Nasser and Nancy Bashiri, Plaintiffs
21911 N. 36th St.
Phoenix, AZ 85050
501 762-2525

## **VERIFICATION**

We, Nasser and Nancy Bashiri, declare and state as follows:

We are the named defendants in the above entitled and numbered cause. All of the statements made in the Plaintiff's First Amended Complaint are true and complete to the best of our knowledge and belief.

We make this declaration under penalty of perjury in Phoenix, Arizona, on the 29th day of January, 2008.

*Nasser Bashiri*
*Nancy Bashiri*
Nasser and Nancy Bashiri, Declarants

## CERTIFICATE OF SERVICE

This to certify that on the 29th day of January 2008, a true and complete copy of the above and foregoing PLAINTIFF'S FIRST AMENDED COMPLAINT was served on the following counsel by depositing in the United States mail addressed as follows:

Richard T. Reibman, Defendant
180 North La Salle, Suite 2700
Chicago, IL  60601

Schwartz Cooper Chartered, Defendant
180 North La Salle, Suite 2700
Chicago, IL  60601

Vincent Sadler, Defendant
1902 N. Kenmore Ave.
Chicago, IL  60614

*Nasser Bashiri*
*Nancy Bashiri*
Nasser and Nancy Bashiri