Margaret A. Gillespie (State Bar I.D. No. 013231)
**COLLINS, MAY, POTENZA, BARAN & GILLESPIE, P.C.**
201 North Central Avenue, Suite 2210
Phoenix, Arizona 85004-0022
Telephone: (602) 252-1900
Facsimile:  (602) 252-1114
Email:  mgillespie@cmpbglaw.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| NASSER BASHIRI and NANCY BASHIRI,<br><br>Plaintiffs,<br><br>VINCENT SADLER, individually;<br>RICHARD T. REIBMAN, individually; and<br>SCHWARTZ COOPER CHARTERED,<br><br>Defendants. | No. CV 07-2268-JAT<br><br>**ANSWER** |

Defendants answer the Amended Complaint ("Complaint") as follows:

1.  Answering paragraph 1 of the Complaint, the Defendants admit that (i) prior to the filing of this lawsuit, Nasser Bashiri and Vincent Sadler had been involved in the purchase of real estate investment properties both in the State of Arizona and in other states; (ii) the Defendant Vincent Sadler hired the Defendants Richard T. Reibman and his law firm of Schwartz Cooper Chartered to file a lawsuit against Plaintiff in the Northern District of Illinois; (iii) Defendant Sadler's counsel then recorded various *lis pendens* notices in Arizona and in other states; and (iv) Plaintiffs purport to bring this action to quiet title in certain properties and for monetary damages.  The remaining allegations are denied.

2.  Answering paragraph 2 of the Complaint, the Defendants admit they are residents of the State of Illinois and that the lawsuit concerns, in part, real property in Arizona.

1

Defendants acknowledge that venue would be proper in this district.  Defendants deny for lack of sufficient knowledge or information the amount in controversy.  The remaining allegations are denied.

3. Answering paragraph 3 of the Complaint, the Defendants deny for lack of sufficient knowledge or information.

4. Defendants admit the allegations of paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint, Defendants admit, except (a) the lawsuit identified in the first sentence concerns a settlement agreement between Sadler and Nasser Bashiri (not the "parties") and (b) deny last sentence for lack of sufficient knowledge or information as to what Plaintiffs anticipate.

6. The Defendants admit the allegations of paragraph 6 of the Complaint.

7. Answering paragraph 7 of the Complaint, the Defendants admit the first two sentences, except they deny that Defendants filed the *lis pendens*; also deny the third sentence in that Plaintiffs' position in the Illinois lawsuit is that Defendant Sadler should not be allowed to enforce the settlement agreement, which, if successful, would leave Defendant Sadler with a claim against the properties in Counts Three through Eight inclusive because Sadler made the down payments for the purchase of those properties.

8. Defendants deny the allegations of paragraph 8 of the Complaint.

9. Answering paragraph 9 of the Complaint, the Defendants reallege and incorporate both the prior and remaining responses in this Answer as if fully set forth herein.

10. Answering paragraph 10 of the Complaint, the Defendants admit Richard T. Reibman and Schwartz Cooper Chartered have no any legal or equitable interests in the subject properties.  The remaining allegations are denied.  Defendants affirmatively allege that

2

Defendant Sadler holds legal and/or equitable interests in the subject properties to the extent he provided the down payments to acquire the properties and other sums.

11. The Defendants deny the allegations of paragraph 11 of the Complaint.

12. The Defendants deny the allegations of paragraph 12 of the Complaint.

13. The Defendants deny the allegations of paragraph 13 of the Complaint.

14. The Defendants deny the allegations of paragraph 14 of the Complaint.

15. Answering paragraph 15 of the Complaint, the Defendants reallege and incorporate the prior and remaining responses in this Answer as if fully set forth herein.

16. The Defendants deny the allegations of paragraph 16 of the Complaint.

17. The Defendants deny the allegations of paragraph 17 of the Complaint.

18. The Defendants deny the allegations of paragraph 18 of the Complaint.

19. Answering paragraph 19 of the Complaint, the Defendants reallege and incorporate both the prior and remaining responses in this Answer as if fully set forth herein.

20. The Defendants deny the allegations of paragraph 20 of the Complaint.

21. The Defendants deny the allegations of paragraph 21 of the Complaint.

22. Answering paragraph 22 of the Complaint, the Defendants reallege and incorporate both the prior and remaining responses in this Answer as if fully set forth herein.

23. The allegations of paragraph 23 do not contain any allegations of fact requiring an admission or denial by Defendants.

24. The Defendants deny the allegations of paragraph 24 of the Complaint.

25. The Defendants deny any and all allegations of the Complaint not admitted herein.

26. The Defendants assert the following affirmative defenses: this action is already being tried in another jurisdiction, in which the Plaintiffs have participated; proceeding in this Court is therefore duplicative and subjects the parties to inconsistent results. Other affirmative defenses: failure to state a claim under Rule 12(b)(6), upon which relief can be granted; settlement; estoppel; waiver; and any other affirmative defenses under the Federal Rules of Civil Procedure that might be identified during the course of discovery. The Defendants reserve the right to amend their Answer to include other affirmative defenses subsequently discovered.

27. For having to respond to the Complaint, the Defendants seek reimbursement of their reasonable attorneys' fees and costs from Plaintiffs, pursuant to applicable statute which may include A.R.S. § 12-341.01.

28. Having fully answered the Complaint, the Defendants pray for judgment against Plaintiff as follows:

    A. That the Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

    B. That the Defendants be awarded their reasonable attorneys' fees and costs in this action; and

    C. That the Court grant such other and further relief as is just and proper.

Dated:  March 18, 2008        COLLINS, MAY, POTENZA, BARAN & GILLESPIE, P.C.

/s/  Margaret A. Gillespie (#013231)
Margaret A. Gillespie
201 North Central Avenue, Suite 2210
Phoenix, Arizona 85004-0022
Attorneys for Defendants Sadler, Reibman and
Schwartz Cooper Chartered

1 Copies of the foregoing mailed
this 18th day of March, 2008 to:
2

3 United States Trustee
230 North First Avenue, Suite 204
4 Phoenix, Arizona 85003-1706

5 Nasser Bashiri
Nancy Bashiri
6 21911 North 36th Street
7 Phoenix, Arizona 85050
Defendants/Debtors
8
Constantine Flores
9 P.O. Box 511
Phoenix, Arizona 85001-0511
10 Chapter 7 Trustee

11
Kevin McCoy, Esq.
12 Allen, Sala & Bayne, PLC
1850 N. Central Avenue, Suite 1150
13 Phoenix, Arizona 85004

14

15
/s/  Andrea Smith
16

17

18

19

20

21

22

23

24

25

26