Margaret A. Gillespie (State Bar I.D. No. 013231)
**COLLINS, MAY, POTENZA, BARAN & GILLESPIE, P.C.**
201 North Central Avenue, Suite 2210
Phoenix, Arizona 85004-0022
Telephone: (602) 252-1900
Facsimile: (602) 252-1114
Email: mgillespie@cmpbglaw.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| NASSER BASHIRI and NANCY BASHIRI,<br><br>            Plaintiffs,<br><br>VINCENT SADLER, individually;<br>RICHARD T. REIBMAN, individually; and<br>SCHWARTZ COOPER CHARTERED,<br><br>            Defendants. | No. CV 07-2268-JAT<br><br>**DEFENDANTS' MOTION TO TRANSFER THIS CASE TO THE NORTHERN DISTRICT OF ILLINOIS** |

Defendants, Vincent Sadler ("Sadler"), Richard T. Reibman ("Reibman") and Schwartz Cooper Chartered ("Schwartz Cooper"), request that the Court transfer this case to the United States District Court for the Northern District of Illinois, Eastern Division, under the first-to-file rule or, alternatively, under 28 U.S.C. § 1404(a).

## Introduction

This case belongs in the United States District Court for the Northern District of Illinois, Eastern Division (the "Illinois Court"). The claims in this case arise from the filing of allegedly improper lis pendens on behalf of Sadler on four properties, three in Florida and one in Arizona. The lis pendens filings have their genesis in facts that are the subject of a lawsuit (the "Illinois Action") that has been pending before the Illinois Court since September, 2007.

The Plaintiffs here, Nasser Bashiri ("Nasser") and Nancy Bashiri (collectively, the "Bashiris"), are defendants in, and have been actively participating in, the Illinois Action.

The Illinois Action involves the respective rights of the Bashiris and Sadler as to eight parcels of real estate (the Eight Properties"), which includes the six properties on which the challenged lis pendens were filed. When the Bashiris and Sadler had a dispute over the Eight Properties, they decided to mediate and finally entered into a written settlement agreement (the "Settlement Agreement") under which Nasser was required to deed certain interests to Sadler and make various payments and buy other properties from Sadler. Bashiri did not perform his Settlement Agreement obligations. Sadler filed the Illinois Action to obtain what Nasser had agreed upon in the Settlement Agreement. The Bashiris' defense in the Illinois Action is that the Settlement Agreement is invalid. See Declaration of Richard T. Reibman ("Reibman Dec.") filed concurrently with this motion.

The rights and obligations of Nasser and Sadler relating to the identified properties are involved in both the Illinois Action and this case. *In fact, the Bashiris have conceded this as well as the other relevant considerations for the requested transfer*. In a brief in support of a motion to change venue filed in the Illinois Action, the Bashiris have asserted that the [Arizona and Illinois] cases ***"involv[e] these same parties and involv[e] the same issues involving the same real property***." (Reibman Dec. ¶ 14 & Ex. F, p. 5)(emphasis added).

This Court should transfer the case under the first-to-file rule or, alternatively, under 28 U.S.C. § 1404(a), so the issues presented in both cases are handled in the first filed proceeding and where the operative facts took place.

Defendants' position is supported by the following Memorandum of Points and Authorities.

Patrick T. Stanton
John L. Conlon
Seth Mann Rosenberg
Schwartz Cooper Chartered
180 N. LaSalle Street, Suite 2700
Chicago, IL 60601
Phone: 312/346-1300
Fax: 312/782-8416
Pro Hac Vice Application pending

COLLINS, MAY, POTENZA, BARAN & GILLESPIE, P.C.


By /s/ Margaret A. Gillespie (#013231)
   Margaret A. Gillespie
   2210 Bank One Center
   201 North Central Avenue
   Phoenix, Arizona 85004
   Ph: 602/252-1900
   Fax: 602/252-1114
   E-mail: mgillespie@cmpbglaw.com

Attorneys for Vincent Sadler, Richard Reibman
and Schwartz Cooper Chartered

## MEMORANDUM OF POINTS AND AUTHORITIES

### Background

In early 2005, Nasser and Sadler, both then residents of the Chicago area, began purchasing real estate investment properties together. (Bashiris' Amdt. Cmplt. ¶s 1, 4; Sadler Cmplt.[1] ¶ 4) By mid-2006, the parties' relationship grew strained over payment of the costs of acquiring and holding the properties. (Sadler Cmplt. ¶ 7) The relationship eventually became irrevocably broken when the parties disputed how the various properties that had been acquired should be disposed, divided or otherwise treated. (Reibman Dec. ¶s 9-10, 12-13 & Ex. D ¶s 7-9[2]) To settle their differences, the parties agreed to a mediation conducted with five mediators who were members of the same Chicago area church to which Nasser and Sadler belonged.

---

[1] "Sadler Cmplt." refers to Sadler's complaint in the Illinois Action, a copy of which is attached to the Bashiris' Arizona Complaint as Exhibit A.

[2] The cited Ex. D is Sadler's statement of Material Facts filed in the Illinois Action in Support of Sadler's motion for summary judgment. Although the Bashiris opposed the motion, they

3

(Reibman Dec. Ex. D ¶s 10-15)  The mediation took place in Chicago.  Although by the time of the mediation, Nasser had moved to Arkansas, he traveled back to Chicago to attend the mediation.  (Reibman Dec. Ex. D ¶s 6, 11)

The mediation culminated in the October 5, 2006 Settlement Agreement in which the parties agreed to the disposition of the Eight Properties.  (Reibman Dec. Ex. D ¶s 19-24; Sadler Cmplt. Exhibit A)  Among other things, the Settlement Agreement required Nasser to: quitclaim deed two properties to Sadler; to purchase certain properties from Sadler; and to reimburse Sadler for funds advanced to purchase properties. (Reibman Dec. Ex. D ¶s 25, 26; Sadler Cmplt. ¶ 13)   After briefly abiding by the Settlement Agreement, Nasser refused to make the required payments and transfers of properties to Sadler.  (Sadler Cmplt. ¶s 14, 15)

On September 27, 2007, Sadler filed the Illinois Action to enforce the Settlement Agreement and the case was assigned to Judge Wayne R. Andersen ("Judge Andersen"). Thereafter, Sadler's counsel recorded lis pendens on the Eight Properties.  (Bashiris' Amdt. Cmplt. ¶ 6)  Five of the lis pendens were recorded on properties in Florida while three were recorded on properties in Arizona.  (*Id*. ¶s 6, 7)

Sadler was prompted to record the lis pendens when Nasser placed his father-in-law on title to one of the properties (Reibman Dec. ¶ 16 & Ex. G) and listed another property for sale with a broker.  (Reibman Dec. ¶s 17, 18 & Exs. H and H-1)  Nasser failed to disclose either of these actions to Sadler, nor were they authorized by the Settlement Agreement.

did not deny the facts presented by Sadler, and, therefore, such facts should be deemed as having been admitted by the Bashiris.

4

The Bashiris filed in the Illinois Action, on October 24, 2007, an answer and counterclaim.  They did not object to the venue.  On November 7, 2007, the Bashiris filed a first amended counter complaint.  Still, they failed to object to the venue.

On November 21, 2007, two months after Sadler filed the Illinois Action, the Bashiris filed the instant lawsuit against Sadler, Sadler's Chicago-based attorney Reibman, and Reibman's law firm, Schwartz Cooper, for alleged slander of title, tortious interference and to quiet title, claiming that six[3] of the lis pendens (three each in Florida and Arizona) were improperly recorded because Sadler's claims as to those properties did not affect title. (Bashiris' Amdt. Cmplt. ¶ 7)  The Bashiris then filed a motion in the Illinois Action to transfer the Illinois Action to Arizona.  (Reibman Dec. ¶ 19 & Ex. I)  In support of the motion, the Bashiris argued that there was another case (this case) pending in Arizona on the same facts. The Bashiris' motion to transfer, like the Defendants' Motion for Summary Judgment is currently stayed by the Bashiris' bankruptcy filing.  The Defendants filed a Motion for Stay Relief in the bankruptcy case to allow that action to proceed, and the court will hear the matter on March 20, 2008.

This Court should transfer the case to the Illinois Court, as that is the most appropriate venue for resolution of this matter.

## **Argument**

## I.     **This Court Should Transfer this Case Under the First-to-File Rule**

This Court should transfer this case to the Illinois Court because Sadler has already established jurisdiction over this dispute in that court.  The Bashiris answered the complaint

---

[3] The Bashiris concede that two lis pendens were properly recorded.  (Bashiri Amdt. Cmplt. ¶ 7)

and responded to the Motion for Summary Judgment, waiving any objections to the jurisdiction of the Illinois Court.  Presently, Sadler and the Bashiris are litigating the disputed Settlement Agreement before Judge Andersen in the Illinois Action.[4]

The first-to-file rule is a doctrine of federal comity which permits a district court to decline jurisdiction over an action when an action involving the same parties and related issues is pending in another district.  *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94-5 (9th Cir. 1982); *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). The rule "gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993).  The rule "serves the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology of California v. United States Dep't. of Army,* 611 F.2d 738, 750 (9th Cir. 1979).

The essence of the first-to-file rule is "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation . . ." *Alltrade,* 946 F.2d at 627 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180 (1952)).   In applying the first-to-file rule, a court looks to three factors: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003).

---

[4] In the Illinois Action, the parties have completed briefing Sadler' motion for summary judgment, which is now awaiting the Illinois Court's decision.  (Reibman Dec. ¶ 15)

### A.    Sadler's Illinois Complaint Was Filed Long Before the Bashiris' Arizona Complaint

The first factor under the first-to-file rule is the chronology of the two actions. *Best Western Int'l, Inc. v. Mahroom*, No. 07 827, 2007 U.S. Dist. LEXIS 32969 at *3 (D. Ariz. May 3, 2007). This factor favors the requested transfer. The Illinois case was filed on September 27, 2007. The Bashiris did not initiate the present case until November 21, 2007, two months after the Illinois case was filed and six weeks after the lis pendens were recorded. The Bashiris filed the Arizona action solely to enhance a belated change of venue claim asserted in the Illinois Action.[5] The chronology test weighs in favor of the Defendants.

### B.    The Same Parties are Involved in both Actions

The "similarity of parties" factor also supports transferring the case because the parties in both cases are virtually identical. Sadler sued the Bashiris in the Illinois Action[6]. The Bashiris sued Sadler in the Arizona Action, which is a mirror image of the Illinois Action, with the addition of Reibman and Schwartz Cooper. Adding Reibman and Schwartz Cooper does not defeat what is obviously an identity of parties between the Illinois and Arizona Actions. Moreover, it is apparent that the only reason the lawyers were named was to seek to disqualify them from representing their client. The Bashiris made this motive clear in their Initial Status

---

[5] The transparent motive in filing this action in Arizona is clear from the procedural history of the Illinois Action. On October 24, 2007, the Bashiris filed an answer and counterclaim in the Illinois raising no objection to venue. On November 7, 2007, Bashiris filed an amended counter complaint without having raised any objection to venue. (Reibman Dec. ¶ 7 & Ex. B) On November 21, 2007, the Bashiris filed the Arizona action and then, just five days later, they moved to dismiss or transfer venue. (Reibman Dec. ¶ 19 & Ex. I) They argued that the Illinois Action should be transferred to Arizona in part because this case was pending and involved the same issues.

[6] Nancy is named as a nominal defendant because Arizona is a community property state.

Report in the Illinois Action, stating that "these attorneys are personally involved in the facts of the [Arizona] case as co-defendants, and that is inconsistent with their ethical obligations as trial advocate." (Reibman Dec. ¶ 8 & Ex. C, p. 3)

###     C.     The Parties will Litigate the Same Issues in Both Cases

The "similarity of issues" factor only requires that the issues in the two cases be substantially similar—not identical. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). That test is met. The Bashiris do not dispute this. *They admit it.* The Bashiris in a reply brief supporting their motion to dismiss on venue grounds in the Illinois Action state that "there is another case pending in the District of Arizona involving the same parties and involving the same issues involving the same real property." (Reibman Dec. Ex. F, p. 5).

The guiding principle here should be "to avoid duplicative litigation." *Colorado River*, 424 U.S. at 817. The issues in the Arizona and Illinois cases are substantially similar, and a denial of the requested transfer would involve duplicative discovery and overlapping evidence in the cases. In the Illinois Action, the dispute is over validity of the Settlement Agreement, the resolution of which will determine Sadler's claims as to the Eight Properties. In the Arizona action, the dispute is the same, but the focus is on the recording of the lis pendens. In either case, the litigation will be substantially similar, with the following evidence: (1) Sadler advanced substantial funds on the Eight Properties, (2) Nasser agreed to reimburse Sadler and purchase certain properties from him, and (3) Nasser breached the Settlement Agreement, which required the lis pendens to protect Sadler's interest in properties which had been purchased with his money. All of these same issues are already being litigated in the Illinois Action. That is where this case should be resolved.

To avoid duplicative litigation, to conserve judicial resources, and to guard against inconsistent results, this Court should transfer the lawsuit to the Illinois Court. This result is warranted by common sense, judicial efficiency and federal comity.

## II.    This Case Should be Transferred Pursuant to 28 U.S.C. § 1404(a)

As an additional basis for transfer or as an alternative to the first-to-file rule, the Court should transfer this case to the Illinois Court pursuant to 28 U.S.C. § 1404(a) (hereinafter "§ 1404(a)"). Venue is more appropriate where (a) the material facts occurred, and (b) the witnesses are located. The Illinois Court meets these requirements of convenience and efficiency, and it simply makes no sense for this Court to become involved in the very same issues.

To succeed on a § 1404(a) motion, a party must establish that: (1) the transferee district is one where the case might have been brought; (2) the transferee court is convenient for the parties and witnesses; and (3) the interests of justice favor transfer. *Hatch v. Reliance Ins. Co.* 758 F.2d 409, 414 (9th Cir. 1985). Here, the case in essence *was* brought in Illinois. The facts and issues are the same as the Illinois Action, as admitted by the Bashiris. The only issues are whether the convenience of the parties and witnesses and the interests of justice favor transfer to the Illinois Court. In making this determination, the courts look to several factors:

> The differences in the costs of litigating in the two forums, the ease of access to sources of proof and the convenience to the parties and witnesses; the location where the relevant agreements were negotiated and executed; the respective parties' contacts with the forum; the contacts relating to the plaintiff's cause of action in the chosen forum; the state that is most familiar with the governing law; the plaintiff's choice of forum; the availability of compulsory process to compel attendance of unwilling non-party witnesses. *Bluth v. Johnson*, No. 04 2684, 2005 U.S. Dist. LEXIS 23929 at *4 (D. Ariz. Oct. 17, 2005); *Jones v. GNC Franchising, Inc.* 211 F.3d 495, 498 (9th Cir. 2000).

The relevant factors support the requested transfer to Judge Andersen, who is presently

dealing with the facts, issues and witnesses raised in this case in the Illinois Action.

### A.    It Would Be More Efficient and Convenient to Litigate this Dispute in Illinois

This convenience and efficiency factor has been dubbed the "critical factor for a court

considering a motion to change venue." *Bluth*, 2005 U.S. Dist. LEXIS at *9. Here, given the

Illinois Action, it will be far more convenient and cost efficient to allow this case to be litigated

in the Illinois Court. It is where the witnesses reside, the key events occurred and it is where

this case should be resolved[7].

Courts can "consider whether the parties are involved in a similar case in another

district . . . in making the determination of the forum where the case can be most efficiently

and economically litigated . . ." *Bratton v. Schering-Plough Corp.*, No. 07 3653, 2007 U.S.

Dist. LEXIS 50775 at *14 (D. Ariz. July, 12, 2007). In general, "cases should be transferred to

districts where related actions are pending." *Id.* at *15. Indeed, a related action involving the

same subject matter and overlapping evidence cannot help but be more cost efficient for the

parties' work is already underway and would only be replicated in a corresponding action in

Arizona.

This rule applies in this case as the parties are involved in a similar case—the Illinois

Action. In the Illinois Action, Sadler, in order to establish breach of the Settlement

---

[7] Substantial evidence as been submitted to the Court in the Illinois Action as the parties have
completed summary judgment briefing in which Sadler filed an extensive Rule 56.1 Statement
of material facts including several declarations and numerous exhibits. (Reibman Dec. ¶s
9,10,15 & Ex. D)

Agreement, will prove he contributed down payments, and made other payments on the properties, that Nasser agreed to reimburse him and that Nasser breached his agreement. These facts are exactly what Defendants would prove in this action (if their motion to dismiss were denied), in order to defend the recording of the lis pendens. Simply put, the proof and evidence that would be presented before the Court in litigating the validity of the lis pendens is duplicative of the evidence that will be, and has been, submitted to the Court in the Illinois Action.

This case should be transferred to Illinois given the ease of access to sources of proof and the convenience to the witnesses located in Illinois. The key witnesses in the Bashiris' case would be Sadler (an Illinois resident) and Reibman, who directed the recording of the lis pendens and who also resides in Illinois. In defending himself on the Bashiris' claim, Sadler, as set forth in the preceding paragraph, would have to establish that the Settlement Agreement is valid and was breached by Nasser. This would expand the witness list further to include the five mediators who presided over the mediation and who signed the Settlement Agreement, all of whom reside in Illinois. (Reibman Dec. Ex. D ¶ 14) Sadler would also have to introduce evidence that he made down payments on the properties (which are noted in the Settlement Agreement) for which Bashiri failed to reimburse. Sadler's interests were properly protected only by the recording of the lis pendens. That evidence is in Illinois, where the administrative assistant and bookkeeper for the Nasser/Sadler real estate venture reside and where the supporting documentary evidence is located. (Reibman Dec. ¶ 11 & Ex. E ¶ 1)

**B.    The Court Should Defer to Sadler's Choice of Forum**

Though generally courts may defer to a plaintiff's choice of forum, *Chodock v. Am. Econ. Ins.*, No. 05 1263, 2005 U.S. Dist. LEXIS 27222 at *8 (D. Ariz. Nov. 7, 2005),

deference is not warranted for the Bashiris' choice given Sadler's earlier action filed in Illinois.

The Arizona Action, filed two months after the Illinois Action, was not filed to prosecute a

legitimate claim, but only to "justify" an untimely motion to dismiss for change of venue in the

Illinois Action.

The Bashiris' ulterior motives in filing this action in Arizona are apparent from the

sequence of filings in the Illinois Action.  In the Illinois action, the Bashiris filed an answer

and counterclaim on October 24, 2007 and did not raise any objection to venue.  (Reibman

Dec. ¶ 6 & Ex. A)  On November 7, 2007, the Bashiris filed a first amended counter complaint,

again not raising any objection to venue.  (Reibman Dec. ¶ 7 & Ex. B)  On November 21,

2007, they filed the Arizona Action in a transparent attempt to support a change of venue

argument in the Illinois Action that they presented just five days later in a motion to dismiss

the Illinois Action.  (Reibman Dec. ¶ 19 & Ex. I)

The Bashiris' choice of venue is not entitled to deference for another reason: Arizona

has no connection to the operative facts of this case.   As the district court held in *Chodock*,

2005 U.S. Dist. LEXIS 27222 at *8, "a plaintiff's choice of forum" is less of a consideration

when the operative facts have not occurred within the forum.  That is the case here.

Clearly the forum that should be given deference is Sadler's choice of Illinois, as that is

the forum with the greatest connection to the parties' dispute.  *Bratton*, 2007 U.S. Dist. LEXIS

50775 at **10-11.  The alleged "wrongful" act here is the recording of the lis pendens.  The

defense of that action, as noted earlier, involves Sadler proving his payments to purchase the

properties, Nasser's agreement to reimburse Sadler as part of the Settlement Agreement, and

Nasser's breach of the Settlement Agreement which prompted Sadler's counsel to record the

lis pendens.  The operative facts surrounding these events occurred in Illinois, as Nasser lived

in Northbrook, Illinois when he and Sadler decided to invest in real estate.  (Sadler Cmplt. ¶ 4)

See also the Amended Statement of Financial Affairs (at Paragraph 15), filed in the Bashiris'

bankruptcy case and attached as Exhibit A and incorporated by this reference.  Also, the

Settlement Agreement was negotiated and executed in Illinois during a two-day mediation in

which Nasser participated.  (*Id*. ¶ 12)  Six witnesses to the negotiation and execution of the

Settlement Agreement and Nasser's breaches all reside in Chicago.  (Reibman Dec. Ex. D

¶ 14)  Moreover, the decision to record the lis pendens in connection with the complaint for

breach of the Settlement Agreement occurred in Chicago.  (Bashiri Cmplt. ¶ 2)  Draining the

connection to Arizona even further is that three of the six lis pendens challenged by Bashiri

were recorded in Florida, leaving Arizona with virtually no connection to this lawsuit.  The

state connected most to this dispute is Illinois—not Arizona.

## C.    Defendants Have Had No Contact with this Forum

As noted above, the three Defendants have no connection to Arizona.  Neither Sadler,

Reibman nor Schwartz Cooper ever traveled to Arizona in connection with any of the events

giving rise to the suit.  Though lis pendens were recorded here, and the Bashiris now allegedly

live here, this contact is insufficient to justify keeping this case, which so heavily involves

Illinois, in Arizona.  This is especially so where *none* of the events giving rise to the recording

of the lis pendens occurred in Arizona.

## Conclusion

This case belongs in Illinois and should be transferred there under the first-to-file rule or

§ 1404(a).  As conceded by the Bashiris, the first-filed and pending Illinois Action deals with

all of the issues that this Court would confront in litigating the validity of the lis pendens

challenged by the Bashiris.  The interests of judicial efficiency, federal comity as well as the

convenience of the parties and witnesses and costs of litigation, all support transferring this case to the Northern District of Illinois to be consolidated with the Illinois Action.  To permit this matter proceed in Arizona makes little sense as there would be duplicity of discovery and evidence in a state which has almost no connection to the central events in the lawsuit.

Dated: March 18, 2008                              Respectfully submitted,

Patrick T. Stanton                          COLLINS, MAY, POTENZA, BARAN & GILLESPIE, P.C.
John L. Conlon
Seth Mann Rosenberg
Schwartz Cooper Chartered
180 N. LaSalle Street, Suite 2700          By /s/ Margaret A. Gillespie (#013231)
Chicago, IL  60601                             Margaret A. Gillespie
Phone:  312/346-1300                           2210 Bank One Center
Fax:  312/782-8416                             201 North Central Avenue
Pro Hac Vice Application pending                Phoenix, Arizona  85004
                                               Ph:  602/252-1900
                                               Fax: 602/252-1114
                                               E-mail: mgillespie@cmpbglaw.com

                                           Attorneys for Vincent Sadler, Richard Reibman
                                           and Schwartz Cooper Chartered

Copies of the foregoing mailed
this 18th day of March, 2008 to:

United States Trustee
230 North First Avenue, Suite 204
Phoenix, Arizona 85003-1706

Nasser Bashiri
Nancy Bashiri
21911 North 36th Street
Phoenix, Arizona 85050
Debtors

Constantine Flores
P.O. Box 511
Phoenix, Arizona 85001-0511
Chapter 7 Trustee

14

Kevin McCoy, Esq.
Allen, Sala & Bayne, PLC
1850 N. Central Avenue, Suite 1150
Phoenix, Arizona 85004


/s/  Andrea Smith

B7 (Official Form 7) (12/07)

NASSER AND NANCY BASHIRI                    CASE NO. 08-00997
Debtor                                                    (if known)

## AMENDED - STATEMENT OF FINANCIAL AFFAIRS

1.    **Income from employment or operation of business.**

State the gross amount of income the debtor ahs received from employment, trade, or
profession, or form the operation of the debtor's business from the beginning of this calendar
year to the date this case was commenced. State also the gross amounts received during the
two years immediately preceding this case's calendar year.

| AMOUNT | | SOURCE |
|--------|--------|--------|
| 2005 | $ 79,772 | employment (co-debtor) |
| 2006 | $ 54,649 | employment (co-debtor) |
| 2007 | $ 28,074 | employment (co-debtor) |

2.    **Income other than from employment or operation of business.**

State the amount of income received by the debtor other than from employment, trade,
profession, or operation of the debtor's business during the two years immediately preceding
the commencement of this case.

AMOUNT                                              SOURCE

Nasser Bashiri – rental income and property investment
2005 - $39,087.00 (net, after expenses and taxes)
2006 - $12,429.00 (net, after expenses and taxes)

3.    **Payments to creditors.**

*Complete a or b, as appropriate, and c*

a.    *Individual or joint debtors with primarily consumer debts:* List all payments on loans,
installments, purchases of goods or services, and other debts, aggregating more than
$600 to any creditor, made within 90 days immediately preceding the commencement of
this case.

| NAME AND ADDRESS OF CREDITORS | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Sears Credit Cards (Citibank) | 1/23/08 | $300.00 | |
| P.O. Box 6936 | 12/20/07 | $335.52 | |
| The Lakes, NV  88901-6936 | 10/21/07 | $300.00 | |
| | | | |
| St. Joseph Mercy Health Center | 1/31/08 | $230.00 | |
| P.O. Box 504264 | 1/4/08 | $230.00 | |
| St. Louis, MO  63150-4264 | 12/8/07 | $229.50 | |

**EXHIBIT A**

3.a. **Payments to Creditors**        (continued)

| NAME AND ADDRESS OF CREDITORS | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Mayo Clinic<br>Scottsdale, AZ | 12/14/07<br>11/07<br>10/07 | $758.68<br>$450.00<br>$450.00 | |
| FIA Card Services<br>P.O. Box 15019<br>Wilmington, DE 19850-5019 | 1/2/08<br>12/3/07 | $400.00<br>$400.00 | |
| Citi Bank Payments<br>P.O. Box 600<br>The Lakes, NV 89163 | 1/3/08<br>12/3/07 | $400.00<br>$1,000.00 | |
| M&I Bank<br>P.O. Box 3203<br>Milwaukee, WI 53201 | 1/25/08<br>12/31/07 | $3,114.30<br>$1,557.15 | |
| American Home Mortgage<br>P.O. Box 631730<br>Irving, TX 75063-1750 | 12/3/07<br>12/3/07<br>12/3/07 | $2,028.22<br>$1,958.27<br>$ 512.95 | |
| EMC Mortgage | 1/08   (1st mortgage)<br>1/08   (2nd mortgage)<br>12/07 (1st mortgage) | | $2844.00<br>$1500.00<br>$2844.00 |
| LandAmerica Title<br>Account Servicing<br>P.O. Box 4048<br>Prescott, AZ 86302 | 1/16/08<br>12/07<br>11/07 | $675.00<br>$675.00<br>$675.00 | |
| Fifth Third Bank<br>Madisonville OPS Center MD1M0C2N<br>Cincinnati, OH 45263-5300 | 12/07 | $2300.00 | |
| Lieberman Management<br>Bank Lockbox<br>P.O. Box 1118<br>Bedford Park, IL 60499 | 11/07 | $690.00 | |
| Gainey Ranch Association<br>7720 Gainey Ranch Rd.<br>Scottsdale, AZ 85258 | 11/07 | $2400.00 | |

b.    *Debtor(s) whose debts are not primarily consumer debts:*    List all payments on loans, installments, purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case.

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STIL OWING |
|---|---|---|---|

None

c.    *All debtors:* List all payments within one year immediately preceding the commencement of this case to or for the benefit of creditors who are insiders.

| NAME AND ADDRESS OF CREDITORS AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None

4.    **Suits and administrative proceedings, executions, garnishments and attachments.**

a.    List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case.

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| 07-05464 *Sadler v. Bashiri* | debtors are defendants in breach of contract suit; also includes counterclaim | Fed. District Court Northern District Illinois | pending |
| 07-02268 *Bashiri v. Sadler et al* | debtors are plaintiffs in suit involving fraud, quiet title, declaratory judgment | Fed. District Court District of Arizona | pending |

b.    Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

None

5.    **Repossessions, foreclosures and returns.**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

Villas of Kamali'i (4141 Lei O Papa Rd., Princille, Kauai) – 1/18/08 - $780,000
Gainey Ranch (7222 E. Gainey Ranch Rd., Scottsdale, AZ) – 1/15/08 - $460,000

6.    **Assignments and receiverships**

a.    Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.

   None

b.    List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.

   None

7.    **Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.

None

8.    **Losses**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case of since the commencement of this case.

None

9.    **Payments related to debt counseling or bankruptcy.**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case

$ 175 to bankruptcy petition preparer
$   50 to CCCS for pre-bankruptcy budget counseling

10. **Other transfers**

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor transferred either absolutely or as a security within one year immediately preceding the commencement of this case.

None

11. **Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor for the benefit of the debtor which were closed, sold or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments, shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.

None

12. **Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.

None

13. **Setoffs.**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.

None

14. **Property held by another person**

List all property owned by another person that the debtor holds or controls.

None

15. **Prior address of the debtor**

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during the period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

21911 N. 36th St., Phoenix, AZ - October 2007 to present

451 Lakeland Dr., Unit G6, Hot Springs, AR – November 2005 – October 2007

1914 Farnsworth Lane, Northbrook, IL – October 2004 to October 2005

16.   **Spouses and former spouses**

If the debtor resides or resided in a community property state, commonwealth or territory (including  Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community state.

During the time period indicated, Debtors  has lived in Arizona

17.   **Environmental Information**

a.      List the name and address for every address for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an environmental law.  Indicate the governmental unit, the date of the notice, and if known, the environmental law.

Not applicable

c.      List the name and address of every site for which the debtor provided notice to a governmental unit for a release of a hazardous material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

Not applicable

d.      List all judicial or administrative proceedings, including settlements of orders,  under any environmental law  with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

Not applicable

18.   **Nature, Location, and Name of Business**

a.      If the debtor is an individual, list the names, addresses, taxpayer identification numbers,  nature of the businesses, and beginning and ending dates of all businesses to which the debtor was a director, officer, partner, or managing executive of a corporation, partnership, sole proprietorship,  or was a self employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

During the period indicated, the debtor Nasser Bashiri has been involved in real estate investment and has worked at a significant loss with no profit.  Debtors have all records in their possession.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses to which the debtor was a partner, or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case

Not applicable

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses to which the debtor was a partner, or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case

Not applicable

b. Identify any businesses listed in response to subdivision a above, that is a "single asset real estate" as defined in 11 U.S.C. § 101.

Not applicable

******************

11

*[If completed by an individual or individual and spouse]*

~Amended

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  3 / 9 / 08

Date  3/9/08

Signature _N____ B___h___
of Debtor

Signature _Nancy K. Bashiri_
of Joint Debtor
(if any)

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____

Signature not applicable _____

_____
Print Name and Title

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

_____ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer

Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*