```
FILED ___ LODGED
___ RECEIVED ___ COPY

     JUN 2 6 2008

CLERK U S DISTRICT COURT
   DISTRICT OF ARIZONA
BY_____ Z DEPUTY
```

Nasser Bashiri
Nancy Bashiri
21911 N. 36th St
Phoenix AZ  85050
501-762-2525
Plaintiffs pro se

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| NASSER BASHIRI and NANCY BASHIRI,<br>　　Plaintiffs<br><br>vs.<br><br>VINCENT SADLER, et al.,<br>　　Defendants. | Case No. CV 07-2268-PHX-JAT<br><br>**PLAINTIFFS'S MOTION AND BRIEF IN SUPPORT OF MOTION FOR CONSOLIDATION OF ACTIONS PURSUANT TO FRCP 42(a)** |

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, plaintiffs Nasser and Nancy Bashiri hereby move the Court to consolidate the following cases:

- Bashiri v. Sadler, (No. 107-2268-PHX-JAT) (Dist. Arizona, filed Nov. 21, 2007);
- In re Bashiri, (No. 08-0997-GGC) (Bankr. Dist. Arizona, filed February 1, 2008).

Due to the similar issues in these matters and in the interest of judicial efficiency, the Court should consolidate these actions in one court.

Respectfully submitted,

*Nancy K Bashiri*

*Nasser Bashiri*

Nasser and Nancy Bashiri, Plaintiffs pro se
21911 N. 36th St
Phoenix AZ  85050
501-762-2525

1

# BRIEF IN SUPPORT OF MOTION FOR CONSOLIDATION OF ACTIONS PURSUANT TO FRCP 42(a)

## I. INTRODUCTION AND FACTUAL BACKGROUND

The defendant Vincent Sadler and plaintiff Nasser Bashiri were former business partners involved in the purchasing, sale, and investment of various real estate properties. Following a dispute, Vincent Sadler filed a lawsuit against Nasser and Nancy Bashiri in the Illinois federal district court. See Sadler v. Bashiri, (No. 1:07-cv-05464)(N. Dist. Illinois, filed September 27, 2007). That Illinois complaint is based solely on diversity of citizenship, the Bashiri's being citizens of the State of Arizona, and the plaintiff being a resident of the State of Illinois. The choice of venue for the lawsuit in Illinois is based on Illinois being the location where a so-called "settlement agreement" is said to have occurred, specifically a church meeting in Chicago where all of the parties concerned (plaintiffs, defendants, and church members) attempted to reach a settlement of the party's differences which had been submitted to the church elders for disposition. Sadler does not assert that the defendants are residents, domicilliaries, or otherwise citizens of Illinois for purposes of venue. Sadler does not claim that any of the subject property is located in Illinois – in fact, his allegations state just the opposite. Instead, Sadler appears to have chosen to file this suit in Northern Illinois solely out of concern for his own personal convenience. On November 26, 2007, Nasser and Nancy Bashiri filed a motion to dismiss or, in the alternative, to transfer that case to Arizona where the remainder of the present litigation between these parties is pending and where the subject real properties are primarily located.[1]

On November 21, 2007, the Bashiri's filed the present action in the Arizona District Court. Bashiri v. Sadler, (No. 107-2268-PHX-JAT), requesting a court order nullifying various notices of *lis pendens* that were filed stemming from the Illinois lawsuit in the federal court described above. All parties have been joined in the Arizona district court case, but discovery and other proceedings in the Arizona case have been stayed by the filing of the Bashiri bankruptcy in the Arizona bankruptcy court. See In re Bashiri,(No. 08-0997-GGC) (Bankr. Dist. Arizona, filed February 1, 2008).

---

[1] The disposition of that motion was stayed by the filing of the Bashiri bankruptcy in Arizona and remains pending.

No doubt caused by the existence of several concurrently pending cases, all with different judges and in different courts, there has been no small amount of confusion and overlap/duplication of judicial resources that has occurred to date. What has been particularly confounding is that this confusion has arisen in the context of a circumstance that would normally appear to have been effectively simplified, if not made entirely moot, by the filing of the Bashiri's bankruptcy. The Bashiri's have already surrendered all of their assets to the Chapter 7 trustee, and counsel for the trustee has filed documentation indicating that the trustee has abandoned and waived any intention to intervene as the real party in interest. As far as the Bashiri's are concerned, there is nothing left to dispute because they have voluntarily surrendered and are not contesting any interest that they may have otherwise had in the bankruptcy estate. Neither the Chapter 7 trustee nor any other creditor have filed a motion or adversary complaint objecting to the Bashiri's discharge, and the date for making any such objection has now passed.

In the absence of any legitimate controversy, both counsel for the Chapter 7 trustee and counsel for Vincent Sadler have embraced a frivolous course of conduct intentionally calculated to harass the Bashiri's in the completion of their bankruptcy filing, and this has occurred with the implicit cooperation (if not the actual knowledge) of the Arizona bankruptcy court judge.

Both the counsel for the Chapter 7 trustee and counsel for Vincent Sadler served numerous discovery requests for the production of various documents on the Bashiri's. The Bashiri's provided all of the documentation that they had in their possession, this including hundreds of pages that had been appropriately indexed and organized into a binder and numerous files. Counsel for the Chapter 7 trustee subpoenaed both of the Bashiri's to appear for a deposition/§ 2004 examination. As part of that examination, counsel included a *subpoena duces tecum* essentially requiring the Bashiri's to produce the many of the same documents that had already been provided to him. The Bashiri's appeared at the deposition/2004 examination as required, and filed an objection to the trustee's request for documents insofar as it requested documents that had already been provided. In a fit of anger, counsel for the trustee abruptly dismissed the examination and filed what he called a "Motion To Compel Turnover" failing to inform the court in his motion that the documents had already been furnished to him. While in his excited state, counsel for the trustee ordered Nancy Bashiri to leave the room while he

examined her husband in her absence.[2] He also "ordered" Nancy Bashiri not to leave the building, precluding her from returning to her employment while she waited in the lobby.

Then, while further examining Nasser Bashiri by himself, counsel for the Chapter 7 trustee admitted that he already had the documents that he had earlier demanded that the Bashiri's produce. Following this insincere attempt by counsel to examine the Bashiri's, the Bashiri's filed their motion for a protective order requesting that this particular counsel be required to conduct his discovery through alternative means, such as written interrogatories, etc.

On the day before the scheduled hearing on the Bashiri's motion for protective order, counsel for the Chapter 7 trustee served over forty pages of paperwork on the Bashiri's responding to that motion and including an illegible copy of a transcript of the subject hearing. The bankruptcy court judge entered a minute entry order on June 4, 2008, (1) granting the trustee's motion to compel the turnover of documents that had, in effect, already been "turned over"; and (2) denying without comment the Bashiri's motion for a protective order. On June 16, 2008, the Bashiri's timely filed a motion for reconsideration of that June 4th minute entry, and in a two page written opinion, on June 19th the bankruptcy court denied the Bashiri's motion for reconsideration stating that the motion had not been timely filed in that it had been filed more than ten days after the ruling sought to be reconsidered.[3] The bankruptcy court ignored the fact that the documentation had already been furnished and that the information sought was, in any event, no longer needed due to the previous abandonment by the trustee of any further interest that the Bashiri's had in the bankruptcy estate.

As for the exclusion of Nancy Bashiri from her own hearing by the counsel for the trustee, the bankruptcy court stated that "the debtors subjected themselves to an examination of their affairs when they filed their Chapter 7 case." *See* Order denying Debtors' Motion for Reconsideration of Minute Entry Order Dated June 4, 2008. Given that this particular bankruptcy court judge had earlier admonished the counsel for the Chapter 7 trustee and counsel

---

[2] Counsel's conduct was particularly outrageous given that he knew of Nancy Bashiri's documented medical condition that placed her at risk for a stroke or heart attack if she was subjected to stress.
[3] The bankruptcy court is mistaken in that the said motion was filed on the 10th day after the date of the entry of the order in accordance with FRCP 59.

4

for Vincent Sadler to refrain from harassing Nancy Bashiri because of the health risk caused to her by her documented medical condition, the Bashiri's simply do not believe that this same judge would have such a callous and indifferent attitude toward Nancy Bashiri as the above quoted remark from the June 19th order would seem to indicate. Instead, the Bashiri's sincerely believe that the pertinent issues have been confused by the continuing course of harassment brought about by an overzealous junior counsel representing the Chapter 7 trustee working hand-in-hand with the attorney for a vindictive client (Vincent Sadler). They stubbornly persist with their harassment of the debtor when they have no legal basis for doing so. It appears that both of these private attorneys are doing this for no other reason than to continue to attempt to generate fees for their respective firms. The Bashiri's believe that if the bankruptcy case is consolidated with the case before the Arizona district court judge, this will put a stop to these frivolous litigation tactics and promptly resolve this entire matter.

As for the actions of counsel for Vincent Sadler, this Court is already aware of her attempts to disrupt the litigation process by filing a her motion for relief from the automatic stay so that she can continue to litigate the original Illinois lawsuit, even though the disputed debt said to be owed in that lawsuit involves debts that are subject to being discharged in the debtor's Chapter 7 bankruptcy. Counsel has not alleged fraud, and she has not filed an adversary complaint seeking to have that debt declared to be non-dischargeable because of fraud or any other reason. On the contrary, the substance of the Illinois lawsuit involves allegations of a breach of contract routinely subject to discharge, and does not involve any allegation that this case involves secured or leased property that would be the appropriate subject of a motion for relief from stay. How could it? The Bashiri's have voluntarily surrendered all of that property to the trustee. In her request for that relief, counsel for Sadler cites to numerous cases all involving Chapter 11 that have no present application. The Bashiri's believe that her groundless motion, if not filed solely in an attempt to generate fees for her law firm, at the very least seeks to take advantage of the confusion caused by having three separate courts independently hear these issues at one time. If these cases are consolidated as the Bashiri's now request, any such deceit and subterfuge will be quickly made apparent and eliminated.

## II. THESE ACTIONS INVOLVE COMMON QUESTIONS OF LAW AND FACT AND ARE APPROPRIATE FOR CONSOLIDATION

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

When actions involving a common question or law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971). Even if there are some questions that are not common, consolidation is not precluded. Batazzi v. Petroleum Helicopters, Inc. 664 F.2d 49, 50 (5th Cir. 1981); See Central Motor Co. v. United States, 583 F.2d 470 (10th Cir. 1978).

A court has broad discretion in determining whether consolidation is practical. Atlantic States Legal Foundation, Inc. v. Koch Refining Co., 681 F.Supp. 609, 615 (D. Minn. 1988). In exercising this discretion, a court should weigh the time and effort consolidation would save with any inconvenience or delay it would cause. Hendrix v. Raybestos-Manhattan, Inc. 776 F.2d 1492, 1495 (11th Cir 1985). The complaints filed in these separate actions allege identical facts, parties, and legal issues. It is therefore practicable to consolidate these cases for review by a single judge. Consolidation of these before one court will eliminate both the present confusion and duplicative efforts being expended. Accordingly, in the interests of efficiency, judicial economy, and to avoid unnecessary costs and undue delay, plaintiffs Nasser and Nancy Bashiri move the Court to consolidate these two cases   Consolidation offers efficiency and convenience and would not delay disposition of either case.

## III. CONCLUSION

In the interests of efficiency and judicial economy, Plaintiffs Nasser and Nancy Bashiri request that the Court grant their motion to consolidate this case [Bashiri v. Vincent Sadler et al,

(No. 107-2268-PHX-JAT) (Dist. Arizona, filed November 21, 2007)] with In re Bashiri, (No. 08-0997-GGC) (Bankr. Dist. Arizona, filed February 1, 2008).

Respectfully submitted,

*Nancy K. Bashiri*

*Nasser Bashiri*

Nasser and Nancy Bashiri, Plaintiffs pro se
2191 N. 36th St
Phoenix AZ  85050
501  762-2828

## CERTIFICATE OF SERVICE

This to certify that on the 26th day of June 2008, a true and complete copy of the above and foregoing PLAINTIFFS' MOTION AND BRIEF IN SUPPORT OF MOTION FOR CONSOLIDATION OF ACTIONS PURSUANT TO FRCP 42(a) was served on the following by depositing in the United States mail addressed as follows:

Margaret A. Gillespie
Collins May Potenza Baran & Gillespie PC
201 North Central Avenue Ste 2210
Phoenix AZ  85004
Attorney for Defendants Vincent Sadler, et al

Kevin McCoy
Allen Sala & Bayne PLC
1850 N. Central Ave Ste 1150
Phoenix AZ  85004
Attorney for Chapter 7 Trustee

Constantino Flores
Box 511
Phoenix AZ  85001
Chapter 7 Trustee

*Nancy K. Bashiri*

*Nasser Bashiri*

Nasser and Nancy Bashiri